Jeffery J. Oven (MT Bar # 5005)
Davis M. Connelley (MT Bar # 67937102)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P.O. Box 2529
Billings, MT 59103-2529
P: (406) 252-3441
F: 406-256-8526
joven@crowleyfleck.com
dconnelley@crowleyfleck.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRCIT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| TIMOTHY P. SHEEHY, <br><br> Plaintiff, <br><br> vs. <br><br> FREEDOM MUNITIONS, LLC <br><br> Defendant. | CAUSE NO. CV-26-15-H-TJC <br><br><br> **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Timothy P. Sheehy, a Montana resident, by and through his attorney of record, Crowley Fleck PLLP, with his First Amended Complaint and complains, avers, asserts, and alleges as follows:

### INTRODUCTION

1.      This is an action for strict products liability, negligence, and associated causes of action stemming from injuries caused by Defendant Freedom Munition's defective rifle

ammunition, which improperly detonates and explodes inside the chamber, sending bullet fragments and shrapnel into the intended user's face, hands, and body, causing serious injury.

2.      Despite the extreme danger caused by its defective merchandise, Freedom Munitions has placed profits over safety.  Freedom Munitions knew the ammunition at issue was defective, but issued only a fine print recall notice and did not send the notice to the purchaser and/or did not make the recall known to potential users of the ammunition.  Freedom Munitions' disregard for the safety of its customers is illustrated by its decision to bury the recall information for the defective ammunition at the bottom of its website and without any information regarding the specific defect or danger posed.

3.      In pre-litigation discussions regarding this product, Freedom Munitions has refused to answer basic questions about its knowledge of the defect, and how such a dangerous product was sold to Montanans. Freedom Munitions refused to describe, in any detail, what it has done to remove the defective product from use. This refusal to provide this most basic information is particularly galling because Plaintiff's pre-litigation demand consisted only of nominal compensation to Plaintiff for his expenses and a donation to a Montana healthcare charity on behalf of Freedom Munitions to demonstrate its apology and acknowledgment of the high risk of harm caused by its product.

4.      Plaintiff brings this claim to put a spotlight on this unacceptable behavior, to prevent further injury to others, and to deter manufacturers in a similar position from engaging in conduct which harms everyday Montanans exercising their right to bear arms.

//

//

//

**PARTIES**

5.      Plaintiff Timothy P. Sheehy is a resident of Gallatin County, Montana. Plaintiff currently serves as a United States Senator and previously served as a decorated combat veteran and United States Navy SEAL, as well as a successful entrepreneur and businessman.

6.      Defendant Freedom Munitions, LLC holds itself out to the public as an Idaho company, with Western roots, and with a principal place of business in Lewiston, Idaho. In fact, on information and belief Freedom Munitions is a Delaware LLC with only one member: FH Outdoor, LLC. FH Outdoor is also a Delaware LLC with only one member: Fernandez Holdings, Inc. Fernandez Holdings is a California corporation with its principal place of business in Pacific Palisades, CA.

7.      Defendants John Doe 1-5 are unknown individuals or entities that, whether by conduct, participation in the design, manufacture, distribution, or sale of the defective ammunition at issue, or by assumption of liabilities or assignment of obligations, are responsible in whole or in part for the allegations can claims made herein.  Plaintiff will amend his pleading to substitute their true identities when they become known.

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Mr. Sheehy is a citizen of Montana and Freedom Munitions is, on information and belief, a California citizen by operation of law for the purpose of diversity jurisdiction.

9.      This Court has personal jurisdiction over Freedom Munitions because it designed and manufactured defective ammunition and knowingly and purposefully sold and shipped such defective ammunition into Montana, where it caused injury.

10.    This Court is the proper venue for this case pursuant to 28 U.S.C. § 1391(b)(2), because the tort was committed and accrued within the District of Montana.

## STATEMENT OF FACTS

11.    On or about June 16, 2024, Plaintiff purchased 1,000 rounds of .308 rifle ammunition from Freedom Munitions through his agent K Mita. Defendant shipped the ammunition into Montana.  Freedom Munitions represents that its .308 ammunition is "ideal" for target shooting and made with quality.

12.    In the Fall of 2024, Plaintiff was target shooting with his Springfield Armory .308 rifle on his ranch in Meagher County.  He was loading the rifle with the Freedom Munitions .308 rifle ammunition he purchased in June.  The ammunition type was proper for the rifle and for the purpose of target shooting.

13.    Plaintiff, a former Navy SEAL and a lifelong hunter and sportsman, is an experienced firearms user and is intimately familiar with the standard operation of firearms and ammunition.

14.    While target shooting, Plaintiff loaded the rifle with the Freedom Munitions ammunition and pulled the trigger.  Upon pulling the trigger, the firearm misfired, and the ammunition improperly detonated inside the chamber of the rifle.

15.    As a result, the chamber exploded outward, sending bullet fragments outward and turning the metal of the rifle into shrapnel. Fragments of the bullet and rifle cut into Plaintiff, causing lacerations to his hand and face, among other injuries.

16.    Plaintiff, despite his extensive experience with firearms on the range and in the field, had never previously experienced a misfire of this sort.

17.    On or about September 25, 2025, Plaintiff was again target shooting with a Springfield Armory .308 rifle at his ranch in Meagher County.  He was using the same .308 rifle ammunition he purchased from Freedom Munitions in June 2024.

18.    The ammunition once again malfunctioned, resulting in another explosion of the round, sending bullet and rifle fragments into Plaintiff's hand and face.

19.    In this instance, the injuries were even more serious than before, requiring medical attention, stitches, and bandaging.  Additionally, these injuries required him to postpone meetings and other events.

20.    There is no other cause to explain another misfire with a separate rifle other than the defective ammunition.  The odds of such an event reoccurring otherwise are miniscule.

21.    The Freedom Munitions .308 rifle ammunition was in a defective condition because it was improperly designed and prone to catastrophic failure.

22.    The Freedom Munitions .308 rifle ammunition was in a defective condition because it was improperly manufactured and additionally prone to catastrophic failure.

23.    Upon information and belief, Defendant was aware that the lot of ammunition was defective and that such defects could result in injuries like the one suffered by Plaintiff in this instance.

24.    Further, again upon information and belief, Defendant is or should be aware that many Montanans, including Plaintiff, teach their children safe firearm handling through activities such as target shooting, meaning that their defective ammunition could injure or maim children and young adults. While in this instance, an adult man was injured, in another instance, it could have easily been a young Montanan who was harmed.

5

25.    In fact, upon information and belief, Defendant ultimately recalled the ammunition due to its defective condition.  Defendant has accordingly acknowledged the defect.

26.    However, despite apparently issuing such a recall, no notice of recall ever reached Mr. Mita or Plaintiff, despite being the purchaser and end consumer.  Mr. Mita continues to receive marketing communications from Freedom Munitions related to the purchase but never received notice of the recall.

27.    Despite stating that it recalled the subject ammunition in other communications, on Freedom Munition's website, the only safety notice provided regarding .308 ammunition is titled a "PRODUCT WARNING NOTICE." The warning is buried at the bottom of the website, literally at the bottom on the webpage and in small print. The warning does not describe the consequences of the noted defect or put consumers or users on notice of possible harm.

28.    Despite designing and manufacturing ammunition with a known defect, Defendant issued a completely ineffectual recall, defeating the purpose of such a recall.

29.    Had Plaintiff known that the ammunition was defective or had notice that the ammunition was subject to a recall notice, he would not have used or continued to use the ammunition.

## CLAIMS FOR RELIEF

### Count I - Strict Products Liability in Violation of Mont. Code Ann. § 27-1-719 against Defendant Freedom Munitions

30.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31.    Defendant sold a product in a defective condition unreasonably dangerous to the user or consumer.

32.     Defendant sold ammunition that was defective as evidenced by the fact that it exploded during normal use while Plaintiff was target shooting.

33.     The ammunition was defective because, when fired, it resulted in a catastrophic failure and explosion within the chamber, rather than properly discharging the round toward the target.

34.     This failure is completely unforeseeable to the user or consumer.

35.     Defendant is engaged in the business of selling ammunition.

36.     Defendant is an ammunition manufacturer that regularly designs, manufactures, and sells ammunition products to consumers.

37.     The ammunition was expected to and did reach Plaintiff without substantial change in the condition in which it was sold.

38.     Plaintiff purchased the ammunition in its original packaging and did not alter or modify it in any way prior to use.

39.     The defective ammunition caused physical harm to Plaintiff.

40.     When the ammunition exploded during normal use, it caused Plaintiff to suffer physical injuries.

41.     Plaintiff suffered lacerations and impact injuries to his hand, face, neck, and body upon the explosion of the round in the chamber.  These injuries required medical intervention and may result in permanent scarring and disfigurement.

### Count II - Negligence in Design Against Defendant Freedom Munitions

42.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43.     Defendant owed a duty of care to Plaintiff.

44.     As an ammunition manufacturer, Defendant owed Plaintiff and other consumers a duty to design ammunition that was safe for its intended use of target shooting.

45.     Defendant breached that duty by designing defective ammunition.

46.     Defendant designed ammunition that was defective and unreasonably dangerous, as evidenced by its explosion during normal use and the subsequent recall issued by Defendant.

47.     The ammunition was defective because it could not withstand the pressures generated upon firing, resulting in catastrophic failure and explosion within the chamber, rather than discharging the round toward the target.

48.     Defendant's breach caused Plaintiff's injury.

49.     The defectively designed ammunition exploded during Plaintiff's use, directly causing Plaintiff's injuries.

50.     As a result of Defendant's negligent design, Plaintiff suffered physical injuries, pain and suffering, medical expenses, and other damages.

51.     Plaintiff suffered lacerations and impact injuries to his hand, face, neck, and body upon the explosion of the round in the chamber. These injuries required medical intervention and may result in permanent scarring and disfigurement.

### Count III - Negligence in Manufacturing

52.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53.     Defendant owed a duty of care to Plaintiff.

54.     As an ammunition manufacturer, Defendant owed Plaintiff and other consumers a duty to manufacture ammunition that was safe for its intended use of shooting.

55.     Defendant breached that duty by manufacturing defective ammunition.

56. Defendant manufactured ammunition that was defective and unreasonably dangerous, as evidenced by its explosion during normal use and the subsequent recall issued by Defendant.

57. The ammunition was defective because, when fired, it resulted in a catastrophic failure and explosion within the chamber, rather than properly discharging the round toward the target. This defect would have been obvious upon any adequate quality control process and the ammunition never should have been issued for sale.

58. The defectively manufactured ammunition exploded during Plaintiff's use, directly causing Plaintiff's injuries.

59. As a result of defendant's negligent manufacturing, Plaintiff suffered physical injuries, pain and suffering, medical expenses, and other damages.

60. Plaintiff suffered lacerations and impact injuries to his hand, face, neck, and body upon the explosion of the round in the chamber. These injuries required medical intervention and may result in permanent scarring and disfigurement.

**Count IV - Breach of Implied Warranty of Fitness for a Particular Purpose**

61. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

62. Defendant had reason to know of the particular purpose for which the goods were required.

63. Defendant, as an ammunition manufacturer, had reason to know that consumers, including Plaintiff, would purchase its ammunition for the particular purpose of target shooting.

64. Freedom Munitions holds its product out as expertly designed and crafted with the highest quality components. Its marketing communications emphasize that its ammunition is

purpose built for high performance.  Specifically, according to Freedom Munitions' website, it's .308 ammunition is "ideal for hunting excursions, range days, or competition shooting."

65.     Defendant had reason to know that Plaintiff was relying on Defendant's skill or judgment to select suitable goods as the defect is not obvious to a consumer, even one as experienced as Plaintiff.

66.     Defendant, as a specialized manufacturer of ammunition, had reason to know that consumers, including plaintiff, would rely on defendant's expertise to provide ammunition that was safe and suitable for target shooting.

67.     Plaintiff relied on Defendant's skill or judgment.

68.     Plaintiff purchased Defendant's ammunition based on the belief that Defendant, as an ammunition manufacturer, had the expertise to produce ammunition that was safe and suitable for target shooting.

69.     The goods were not fit for the particular purpose.

70.     The ammunition was not fit for target shooting as it exploded during normal use, causing injury to Plaintiff.

71.     Ammunition that is fit for target shooting would not explode during normal use.

**Count V – Violation of the Montana Consumer Protection Act**

72.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 though 71 as if fully set forth herein.

73.     The Montana Consumer Protection Act, Mont. Code Ann. § 30-14-13, prohibits "unfair or deceptive actions or practices in the conduct of any trade or commerce. . ."

74.     By the conduct described in detail in the preceding paragraphs and incorporated herein, Defendant engaged in unfair and deceptive acts or practices as defined by the Montana

Consumer Protection Act. Freedom Munitions represents that its .308 ammunition is subject to "extreme quality control" and is "built with precision." It further represents that its .308 ammunition is renowned for its reliability. These representations are untrue and deceptive. Plaintiff rightly expected that the ammunition would be safe and reliable and instead Defendant's product resulted in injury and destruction of two firearms.

75.     Instead, as detailed in the preceding paragraphs and incorporated here, the ammunition was dangerously defective and liable to unexpectedly explode during routine use.

76.     Upon learning of the defect, or upon learning that consumers were becoming aware of the defect, Defendant conducted an ineffectual and limited effort to provide a non-specific "safety notice" to consumers.

77.     Had Defendant disclosed material information regarding the defect, or disclosed information known about the safety risks sooner or disseminated that information more broadly, Plaintiff would have selected different ammunition or ceased using the subject ammunition.

78.     Instead, Defendant manufactured a dangerous, defective product unfit for ordinary use, made false representations regarding the product's quality, and conducted an ineffectual recall (one that is not even designated as a recall at all on Freedom Munitions' website), constituting an unfair or deceptive business practice.

79.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff has suffered injury and damage to property. Accordingly, Plaintiff is entitled to recover actual and statutory damages, attorneys' fees and costs, and all other relief allowed under the Montana Consumer Protection Act.

//

//

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.　　Compensatory damages for all past and future medical expenses incurred as a result of injuries sustained from the defective ammunition, in an amount to be determined at trial;

B.　　Compensatory damages for pain and suffering, emotional distress, and loss of enjoyment of life resulting from the injuries caused by the defective ammunition, in an amount to be determined at trial;

C.　　Compensatory damages for lost rescheduled or canceled events, replacement of the two destroyed firearms, and any other damages allowable by law;

D.　　Costs of suit, including reasonable attorneys' fees;

E.　　Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 17th day of March, 2026.

CROWLEY FLECK PLLP

/s/ Davis M. Connelley
Davis M. Connelley