IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| TIMOTHY P. SHEEHY,<br><br>Plaintiff,<br><br>vs.<br><br>FREEDOM MUNITIONS, LLC<br><br>Defendant. | CV 26–15–H–DLC<br><br><br>OPINION<br>and ORDER |

In the fall of both 2024 and 2025, Plaintiff Timothy Sheehy was injured when his Springfield Armony .308 rifle misfired while he was target shooting on his ranch in Meagher County, Montana. (Doc. 6 at ¶¶ 12, 14–15, 17–19.) In both instances, the ammunition in the rifle had been purchased by Sheehy's agent from Defendant Freedom Munitions, LLC. (*Id.* ¶¶ 11–12, 17.) In January 2025, Sheehy sued Freedom Munitions in Montana state court, alleging state law claims for strict products liability (Count I), negligent design (Count II), negligent manufacturing (Count III), and breach of the implied warranty of fitness for a particular purpose (Count IV). (Doc. 1-1.) On February 27, 2026, the case was removed to this Court, (Doc. 1), and on March 17, 2026, Sheehy filed a First Amended Complaint, adding a claim for violation of the Montana Consumer Protection Act (Count V), (Doc. 6). Freedom Munitions seeks a partial dismissal of Sheehy's case under Rule 12(b)(6)

1

of the Federal Rules of Civil Procedure on the ground that he has failed to adequately plead a claim for either breach of implied warranty (Count IV) or violation of the Montana Consumer Protection Act (Count V). (Doc. 8.) Sheehy opposes. (Doc. 10.) Freedom Munitions' motion is denied.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). At this stage of the proceeding, the plaintiff's factual allegations are assumed to be true and construed in the light most favorable to him. *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021).

## DISCUSSION

Freedom Munitions argues that Sheehy has not plead a viable breach of implied warranty of fitness for a particular purpose claim because Sheehy fails to

2

allege any direct communication between Sheehy and/or his agent and Freedom Munitions at the time the ammunition was purchased. Freedom Munitions further argues that Sheehy has failed to plead an unfair or deceptive act or allege detrimental reliance or causation so as to maintain a claim under the Montana Consumer Protection Act. Because neither argument is compelling, Freedom Munitions' motion to dismiss is denied.

## I.   Breach of Implied Warranty (Count IV)

Pursuant to Montana Code Annotated § 30–2–315, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose." Here, Sheehy alleges, *inter alia*, the Freedom Munitions, "as a specialized manufacturer of ammunition, had reason to know that consumers, including [Sheehy], would rely on [its] expertise to provide ammunition that was safe and suitable for target shooting," and that "[t]he ammunition was not fit for target shooting as it exploded during normal use, causing injury to [Sheehy]." (Doc. 6 at ¶¶ 66, 70.) Freedom Munitions argues that this claim is deficient because Sheehy fails to allege any direct communication between Sheehy and/or his agent and Freedom Munitions at the time the ammunition was purchased. But direct communication is not required. Pursuant to the statute, a seller need only

3

have "reason to know" of a particular purpose and that the buyer is relying on the seller's expertise to furnish "fit" goods. Mont. Code Ann. § 30–2–315. Sheehy has alleged that "Freedom Munitions holds its product out as expertly designed and crafted with the highest quality components. Its marketing communications emphasize that its ammunition is purpose built for high performance. Specifically, according to Freedom Munitions' website, it's [sic] .308 ammunition is 'ideal for hunting excursions, range days, or competition shooting.'" (Doc. 6 at ¶ 64.) While the question of whether target shooting fits within one of these categories remains, Sheehy's inclusion of Freedom Munitions' specific representations as to specific purposes is sufficient at this stage to maintain his warranty claim. Freedom Munitions' motion to dismiss Count IV is denied.

## II.   Montana Consumer Protection Act (Count V)

The Montana Consumer Protection Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mont. Code Ann. § 30–14–103. "[A]n unfair act or practice is one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rohrer v. Knudson*, 203 P.3d 759, 764 (Mont. 2009). "A deceptive act is one that is likely to mislead consumers." *Young v. Era Advantage Realty*, 513 P.3d 505, 513 (Mont. 2022) (internal quotation marks omitted). "False representations as to the

4

characteristics, use, or benefits of what is being sold may constitute a deceptive act." *Id.* (internal quotation marks and alteration omitted). "Neither an intent to deceive nor knowledge of a statement's falsity is required to establish a deceptive act or practice under the [Act]." *Id.* To bring a cause of action under the Act, a plaintiff must show: (1) the defendant used or employed an unfair or deceptive act or practice in the conduct of any trade or commerce; (2) in regard to the claimant, who was a consumer as defined by the Act; and (3) as a result, the claimant suffered a direct or indirect financial detriment. *Kostelecky v. Peas in a Pod, LLC*, 518 P.3d 840, 861 (Mont. 2022). "[D]etrimental reliance and causation are essential elements of a [Montana Consumer Protection Act] claim." *Guthridge v. Johnson & Johnson Corp.*, 2023 WL 6626175, at *5 (D. Mont. Sept. 22, 2023) (discussing *Anderson v. ReconTrust Co., N.A.*, 407 P.3d 692, 700 (Mont. 2017)).

Freedom Munitions argues that Sheehy's consumer protection claim fails because it fails to identify an unfair or deceptive act and does not allege detrimental reliance or causation. Neither argument is persuasive.

Sheehy alleges that "Freedom Munitions represents that its .308 ammunition is subject to 'extreme quality control' and is 'built with precision.' It further represents that its .308 ammunition is renowned for its reliability. These representations are untrue and deceptive. [Sheehy] rightly expected that the ammunition would be safe and reliable and instead [Freedom Munitions'] product

resulted in injury and destruction of two firearms." (Doc. 6 at ¶ 74.) While the Act itself does not define what amounts to an "unfair or deceptive" practice, its implementing regulations contain an illustrative, though not exhaustive, list of such conduct. *See* Admin. R. Mont. 23.191.101; *Rohrer*, 203 P.3d at 763. Sheehy argues that his pleading contains allegations akin to those provided in subsection (e) of that list, which states that "[a] person engages in unfair or deceptive and therefore unlawful acts or practices when, in the conduct of trade or commerce, he[] . . . makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of merchandise." Admin. R. Mont. 23.19.101(e); *see also Young*, 513 P.3d at 513. As argued by Sheehy, misrepresentations as to product quality,[1] such as those made here, can be the basis for liability under the Act.

In regard to causation and reliance, Sheehy has alleged that "[h]ad [Freedom Munitions] disclosed material information regarding the defect, or disclosed known information about the safety risks sooner or disseminated that information more broadly, [Sheehy] would have selected different ammunition or ceased using the subject ammunition." (Doc. 6 at ¶ 77.) These allegations are distinguishable from those made in *Kell v. Freedom Arms*, where the plaintiff "d[id] not actually allege that he" saw or relied upon the firearm manufacturer's "advertisements and

---

[1] Sheehy is mistaken, however, in stating that the regulatory language explicitly includes the word "quality." (*See* Doc. 10 at 10.)

marketing . . . statements." 748 F. Supp. 3d 973, 986 (D. Mont. 2024). Sheehy has alleged that he, through his agent, made a purchasing decision based on Freedom Munitions' quality and safety representations. At this point in the proceeding, those allegations are assumed to be true. *Ariix*, 985 F.3d at 1114. Because they support a claim for a violation of the Montana Consumer Protection Act, Freedom Munitions' motion to dismiss Count V is denied.

CONCLUSION

Based on the foregoing, IT IS ORDERED that Freedom Munitions' motion to dismiss (Doc. 8) is DENIED.

DATED this 26th day of May, 2026.

Dana L. Christensen, District Judge
United States District Court

7